UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Patricia Holland,               ) | Civil Action No.: 4:15-cv-00141-RBH |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.                              ) | **ORDER** |
| ) | |
| Hucks Pool Company, Inc.,       ) | |
| ) | |
| Defendant / Cross-Claimant, ) | |
| ) | |
| and                             ) | |
| ) | |
| Active Shotcrete & Plaster, LLP, ) | |
| ) | |
| Defendant / Cross-Defendant. ) | |
| _____) | |

Plaintiff Patricia Holland filed this lawsuit against Defendant/Cross-Claimant Hucks Pool Company, Inc. ("Hucks"), Defendant/Cross-Defendant Active Shotcrete & Plaster, LLP ("Active"), and two other defendants[1] after allegedly slipping and falling on the stairs of an indoor lazy river pool at a hotel in Myrtle Beach, South Carolina. The matter is now before the Court for resolution of (1) Active's motion for summary judgment on Hucks' crossclaims and (2) Plaintiff's motion to strike Hucks' answer.[2,3]  *See* ECF Nos. 102 & 103.

**Background**

---

[1]  Plaintiff also sued Pan American Vacations Management, LLC and Pan American Property Owners' Association, Inc. ("the Pan American Defendants"). *See* Third Amended Complaint, ECF No. 51. Plaintiff subsequently filed a stipulation of dismissal with prejudice of these two defendants. ECF No. 110.

[2]  Plaintiff also moved to strike the answers of the Pan American Defendants. *See* ECF No. 103. As previously noted, Plaintiff stipulated to a dismissal with prejudice of these two defendants, thereby mooting her motion as to them.

[3]  Under Local Civil Rule 7.08 for the District of South Carolina, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court has reviewed the briefs and determined a hearing is unnecessary.

Dunes Village Resort,[4] a hotel located in Myrtle Beach, has an indoor lazy river pool that Hucks built in 2005 and replastered in 2007. Third Am. Compl. at ¶ 8; SCDHEC[5] Form, ECF No. 102-2; Ted Hucks Dep., ECF No. 102-3 at 6-7. The steps leading into the pool have a plaster finish on the tread and a curved ("bull-nosed") tile trim on the nosing. *See* Ted Hucks Dep., ECF No. 102-3 at 4, 8; Campbell Dep., ECF No. 107-1 at 2. The governing SCDHEC regulation permits a maximum slope of one-half inch on each step tread. Campbell Dep., ECF No. 107-1 at 5; *see* S.C. Code Ann. Regs. 61-51 (Supp. 2015).[6]

In 2013, Dunes Village Resort hired Hucks to replaster the pool a second time. Ted Hucks Dep., ECF No. 102-3 at 3, 6-7. Hucks, in turn, subcontracted with Active to apply plaster to the step treads. Hucks' Answer & Cross-Complaint, ECF No. 57 at 8; Garcia Dep., ECF No. 102-4 at 3. Under their oral contract, Hucks primed the tread surface by chipping away whatever material needed to be removed, and Active then applied plaster to the exposed surface. Hucks' Answer & Cross-Complaint, ECF No. 57 at 8-9; Ted Hucks Dep., ECF No. 102-3 at 8-9; Garcia Dep., ECF No. 102-4 at 3. Hucks

---

[4] Dunes Village Resort is owned and operated by the Pan American Defendants. Third Am. Compl. at ¶ 8.

[5] South Carolina Department of Health and Environmental Control.

[6] Regulation 61-51 applies to "public swimming pools" and sets forth the following requirements for pool steps:

> Steps shall have a minimum tread width of twelve (12) inches, a maximum rise of eleven (11) inches and a minimum length of thirty (30) inches. All step risers must be of uniform height (within one half (1/2) inch of each other) with the exception of the bottom riser. ***All step treads must be level with a tolerance for step slope of one half (1/2) inch.*** . . . All steps shall be non-slip and constructed in the shallow end of the pool only. Permanent black or dark colored edge stripes such as tile must mark steps. The edge stripe must be a minimum of two (2) inches wide, must be provided the entire length of each step, must be non-slip in texture, and must be installed on the run of each step so as to be clearly visible by patrons upon entering the pool. The step edge stripe must start within one (1) inch from the edge of the step.

S.C. Code Ann. Regs. 61-51 (Supp. 2015) (emphasis added).

2

retained sole responsibility for deciding whether to keep or replace the nosing tile on the edge of each stair; Active's role was limited to applying plaster on the step treads. Ted Hucks Dep., ECF No. 102-3 at 4. Active performed the replastering job during December 2013. Garcia Dep., ECF No. 102-4 at 3-4.

On April 12, 2014, Plaintiff slipped and fell while descending the steps leading into the pool. Third Am. Compl. at ¶¶ 8, 12. She filed the instant action alleging her fall occurred as a result of defects in the stairs, including the "tread depth, tread angle, tread nosing, and/or tread surface material."[7] *Id.* at ¶ 12.

Plaintiff named Hucks and Active as defendants in her Third Amended Complaint (in addition to the Pan-American Defendants, who have since been dismissed from this action). *Id.* at ¶¶ 4-5. Hucks filed an answer and cross-claimed against Active for breach of contract/warranty[8] and equitable indemnity. ECF No. 57. Active filed a motion for summary judgment on Hucks' crossclaims, and Plaintiff filed a motion to strike Hucks' answer. ECF Nos. 102 & 103. Both motions are now ripe for disposition.

## Discussion

**I.     Active's Motion for Summary Judgment on Hucks' Crossclaims**

Active moves for summary judgment on Hucks' crossclaims for breach of contract/warranty and indemnity. ECF No. 102. Hucks has filed a response in opposition, and Active has filed a reply. ECF Nos. 107 & 114.

**A.     Legal Standard**

---

[7]     Plaintiff brought this action pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332.

[8]     Although Hucks captioned the crossclaim as "breach of contract," Hucks alleges that "Active breached its contract with Hucks when it breached the implied warranty of proper workmanship and reasonable fitness for its intended use." ECF No. 57 at ¶ 40. Given this allegation, the Court will refer to the crossclaim as "breach of contract/warranty."

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992)

(internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B.     Breach of Contract/Warranty Crossclaim

Active argues Hucks' breach of contract/warranty crossclaim should be dismissed because it is merely a disguised claim for equitable indemnity and as such is duplicative of Hucks' indemnity crossclaim. ECF No. 102-1 at 3, 8-9. The Court agrees.

As Active points out, the South Carolina Court of Appeals squarely addressed this issue in the recent decision of *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Builders FirstSource-Se. Grp.*, 413 S.C. 630, 776 S.E.2d 434 (Ct. App. 2015), *cert. denied* (Oct. 20, 2016).[9] In *Stoneledge*, a homeowners' association sued a general contractor and its subcontractors alleging construction defects. *Id.* at 634, 776 S.E.2d at 436. The general contractor, in turn, cross-claimed against the subcontractors for breach of contract, breach of warranty, negligence, and equitable indemnity. *Id.* The circuit court granted summary judgment on the breach of contract and warranty crossclaims, finding they "were merely disguised claims for equitable indemnity" that "stem from the potential liability [the general contractor] faces from the claims brought against it by [the plaintiff] because [the general contractor]

---

[9]     Because this Court is sitting in diversity, it must follow the current substantive law of South Carolina. *See West v. AT & T*, 311 U.S. 223, 237 (1940) ("Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."); *F.D.I.C. ex rel. Co-op. Bank v. Rippy*, 799 F.3d 301, 310 (4th Cir. 2015) ("If the state's highest court does not provide an answer, then a federal court must seek guidance from an intermediate state court."); *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007) ("Because we sit in diversity in this case, we must apply the substantive law of the forum state including its choice of law rules.").

is not alleging personal injury or property damage as to it[self]."[10] *Id.* at 634, 776 S.E.2d 436-37 (fourth alteration in original) (ellipsis and internal quotation marks omitted). The Court of Appeals affirmed, holding the general contractor's breach of contract and warranty crossclaims against its subcontractors were not independent causes of action from its equitable indemnity crossclaim. *Id.* at 635-39, 776 S.E.2d 434, 437-39. It explained:

> [The general contractor]'s allegations demonstrate it did not sustain its own damages as a result of any breach of contract or breach of warranty by the [subcontractors]. Rather, the allegations show [the plaintiff] is the party that suffered damages, and [the general contractor]'s injuries arose exclusively from having to defend itself in [the plaintiff]'s lawsuit. Consequently, the damages [the general contractor] seeks to recover resulted only from its potential liability to [the plaintiff] and from the expenses [the general contractor] incurred defending itself.

*Id.* at 636, 776 S.E.2d at 437. The South Carolina Supreme Court denied the petition for a writ of certiorari to review the decision of the Court of Appeals. *See Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Builders FirstSource-Se. Grp.*, S.C. Sup. Ct. Order dated Oct. 20, 2016.

Here, as in *Stoneledge*, Hucks' breach of contract/warranty crossclaim is not viable as a cause of action separate from its equitable indemnity crossclaim. Hucks argues *Stoneledge* does not apply because it (1) pled breach of contract against Active; (2) alleged "Active's breach of contract is the proximate cause of damages suffered by, and to be suffered by, Hucks"; (3) asked for damages in an amount to be determined by the trier of fact; and (4) did not mention derivative damages anywhere in

---

[10]     The circuit court also granted summary judgment on the negligence crossclaim on similar grounds, and the Court of Appeals affirmed in a separate opinion. *See Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Clear View Const., LLC*, 413 S.C. 615, 620, 776 S.E.2d 426, 429 (Ct. App. 2015) (hereinafter "*Clear View*") ("We find the circuit court properly granted summary judgment on [the general contractor]'s negligence cross-claim because it is not an independent cause of action from [the general contractor]'s equitable indemnity claim. The court correctly ruled that the only potential claim for the damages [the general contractor] incurred defending against [the plaintiff]'s lawsuit is for equitable indemnity.").

its crossclaim. ECF No. 107 at 3 & n.1. However, these arguments are unavailing because Hucks' allegations indicate it did not sustain its own damages as a result of any breach of contract or warranty by Active. Instead, the allegations indicate Plaintiff is the party that suffered damages, and Hucks' alleged injuries are simply the result of having to defend itself in the instant action. The damages Hucks seeks to recover stem only from its potential liability to Plaintiff and from the expenses Hucks has incurred defending itself. Accordingly, the Court will grant Active's motion for summary judgment as to Hucks' breach of contract/warranty crossclaim because it is not independent from Hucks' equitable indemnity crossclaim.

### C.      Equitable Indemnity Crossclaim

Active argues Hucks' equitable indemnity crossclaim should be dismissed on the basis of unclean hands because Hucks admits Active had no role in the underlying construction of the pool Hucks built; and therefore if fault exists, it can only exist on Hucks' part. ECF No. 102-1 at 3-4, 9-11. Additionally, Active contends there is no evidence or allegation of a relationship between Hucks and Active that would impose vicarious liability upon Hucks for the negligence of its subcontractor, no evidence or allegation of contractual indemnity, and no established case law that would recognize the imposition of a non-delegable duty Hucks owed Plaintiff. *Id.* at 4, 11-12.

In response, Hucks asserts Active's unclean hands argument fails because Plaintiff did *not* fall on the original construction but instead fell *after* Active replastered the pool in 2013. ECF No. 107 at 4. Hucks points out the evidence merely shows some of the step treads slope more than one-half inch from front to back, and it contends questions of fact exist regarding: (1) what entity—Hucks or Active—actually caused the slope to exceed the SCDHEC standard; (2) exactly where on the steps Plaintiff fell (whether it was on the tread, on the nosing, or on both); and (3) what part, if any, the tread

plaster played in Plaintiff's fall. *Id.* at 4-5. Hucks further argues it has a sufficiently close relationship with Active and would be entitled to equitable indemnity if Active is found solely negligent to Plaintiff. *Id.* at 7-8.

"According to equitable principles, a right of indemnity exists whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join." *Stuck v. Pioneer Logging Mach., Inc.*, 279 S.C. 22, 24, 301 S.E.2d 552, 553 (1983); *see also Rock Hill Tel. Co. v. Globe Commc'ns, Inc.*, 363 S.C. 385, 389, 611 S.E.2d 235, 237 (2005) ("There are two forms of indemnity: contractual indemnity and indemnity implied in law, or 'equitable indemnity.'"). Although "there can be no indemnity among mere joint tortfeasors," *Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.*, 336 S.C. 53, 64, 518 S.E.2d 301, 307 (Ct. App. 1999), "the relationship between a contractor and a subcontractor supports a claim for equitable indemnification" under South Carolina law. *Rock Hill Tel. Co.*, 363 S.C. at 389, 611 S.E.2d at 237.

To recover damages on its equitable indemnity claim, Hucks must prove the following: (1) Active was at fault in causing Plaintiff's damages; (2) Hucks has no fault for those damages; and (3) Hucks incurred expenses that were necessary to protect its interest in defending against Plaintiff's claim. *See Clear View*, 413 S.C. at 625, 776 S.E.2d at 432 (listing the elements of equitable indemnity in the general contractor–subcontractor context). "A party opposing a summary judgment motion on an [equitable] indemnification claim, even though the motion is based primarily upon the complaint, has the two-fold burden of demonstrating a genuine issue of material fact regarding the opposing party's lack of liability and a genuine issue of material fact regarding the moving party's liability." *Vermeer Carolina's*, 336 S.C. at 64, 518 S.E.2d at 307.

The Court finds summary judgment is inappropriate because, viewing the evidence in the light most favorable to Hucks, genuine issues of material fact exist as to the first two elements of Hucks' equitable indemnity crossclaim—(1) whether Active was at fault in causing Plaintiff's damages and (2) whether Hucks was not at fault for those damages. The evidence is unclear as to exactly where on the steps Plaintiff fell, and as to whether the curvature of the nosing tile, the slope of the tread plaster, or a combination of both components caused Plaintiff to slip and fall. Notably, Plaintiff's expert Alan Campbell could not determine the precise location where Plaintiff slipped, and he opined the collective "geometry" of the stairs—"the slope of the tread and the curvature of the nosing"—"created a condition ideal for what was essentially a slip and fall." Campbell Dep., ECF No. 107-1 at 2, 7-8; Campbell Report, ECF No. 102-5 at 17. Moreover, the evidence is unclear as to which entity—Hucks and/or Active, both of which laid down plaster on the stairs—caused the tread to exceed the half-inch slope permitted by the SCDHEC standard. Given these genuine issues of material fact, the Court cannot conclude as a matter of law that Active was not at fault or that Hucks was at fault. *See, e.g.*, *Clear View*, 413 S.C. at 624, 776 S.E.2d at 431 ("We find the circuit court erred in granting summary judgment on the merits of [the general contractor]'s equitable indemnity cross-claim because [the general contractor] presented a question of fact as to whether it was at fault for the alleged construction defects."). Accordingly, the Court must deny Active's motion for summary judgment as to Hucks' equitable indemnity crossclaim.[11]

---

[11] Furthermore, the Court rejects Active's remaining arguments that there is no evidence or allegation of a relationship between Hucks and Active that would impose vicarious liability upon Hucks for the negligence of its subcontractor, and no evidence or allegation of contractual indemnity. ECF No. 102-1 at 4, 11-12. Hucks alleges in its answer and cross-complaint that it orally subcontracted with Active to perform replaster work on the pool, and both Ted Hucks and Angel Garcia testified about this relationship at their depositions. ECF No. 57 at ¶ 34; Ted Hucks Dep., ECF No. 102-3 at 8-9; Garcia Dep., ECF No. 102-4 at 5. Hucks' indemnity claim is equitable—not contractual—in nature, and South Carolina law explicitly recognizes "the relationship between a contractor and a subcontractor supports a claim for equitable indemnification." *Rock Hill Tel. Co.*, 363 S.C. at 389, 611 S.E.2d at

## II. Plaintiff's Motion to Strike Hucks' Answer

Plaintiff moves to strike Hucks' answer as a discovery sanction on the basis that Hucks failed to timely produce an email exchange between Hucks and the Pan American Defendants.[12] ECF No. 103. The Court denies this motion for the reasons set forth in Hucks' response in opposition. *See* ECF No. 106. *See generally* Fed. R. Civ. P. 37(c)(1) (precluding discovery sanctions if a party's failure to disclose or supplement "was substantially justified or is harmless").

### Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Active's motion for summary judgment [ECF No. 102]. Specifically, the Court **GRANTS** summary judgment regarding Hucks' breach of contract/warranty crossclaim and **DENIES** summary judgment regarding Hucks' equitable indemnity crossclaim. The Court **DENIES** Plaintiff's motion to strike Hucks' answer [ECF No. 103].

**IT IS SO ORDERED.**[13]

Florence, South Carolina         s/ R. Bryan Harwell
October 24, 2016                 R. Bryan Harwell
                                 United States District Judge

---

237.

[12]     Alternatively, Plaintiff seeks a default judgment against Hucks. ECF No. 103 at 1, 3.

[13]     **The Court further DIRECTS counsel for the parties (Plaintiff, Hucks, and Active) to contact chambers within three days of the date of the entry of this Order (no later than October 27, 2016) and inform the Court whether additional mediation would be beneficial.**